# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MARK FALK**<br>**UNITED STATES MAGISTRATE JUDGE** | **USPO & COURTHOUSE**<br>**1 FEDERAL SQ., ROOM 457**<br>**NEWARK, NJ 07101**<br>**(973) 645-3110** |

November 1, 2016

## REPORT & RECOMMENDATION

Ms. Victoria Ransome, *Plaintiff pro se*
92 Ellis Avenue
Irvington, NJ 07111
*Via Regular and Certified Mail RRR*

Mr. Gary Miller, *Plaintiff pro se*
92 Ellis Avenue
Irvington, NJ 07011
*Via Regular and Certified Mail RRR*

Peter DeSalvo, Jr., Esq.
Soriano, Henkel, Salerno, Biehl & Matthews, PC
75 Eisenhower Parkway
Roseland, NJ 07068
*Attorney for Defendant State Farm*

Howard D. Lipstein, Esq.
535 Morris Avenue
Springfield, NJ 07081
*Attorney for Defendant Springfield Auto Group, LLC*

    Re: **Ransome**, *et al*. v. **State Farm**, *et al*.
       **15-3175 (CCC) (MF)**

Dear Litigants:

   This case came before the Undersigned for a conference on November 1, 2016, which was held on-the-record. For the reasons stated below, it is respectfully recommended that the case be **dismissed without prejudice** due to a lack of federal jurisdiction.

Ms. Ransome, proceeding *pro se*, commenced this action by filing a form Complaint alleging, it appears, a breach of contract relating to an automobile purchased from Springfield Auto Group. During the conference, Ms. Ransome also raised a number of issues relating to State Farm, including a fire at her home and the terms of her automobile policy. Ms. Ransome also claims that her son, Gary Miller, is a proper Plaintiff in this case, and that he allegedly has some type of personal injury claim against State Farm. Mr. Miller was not present at the conference.

The Court has a continuing obligation to satisfy itself that is has subject matter jurisdiction over the case and to raise the issue *sua sponte*. *See, e.g.*, *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995). During the conference, the Court became concerned about and raised, *sua sponte*, jurisdiction in this case.

After the discussing the issue with Ms. Ransome and counsel, it became apparent this case is not properly in federal court. There is no federal question presented. Likewise, federal diversity jurisdiction is lacking. Ms. Ransome is a citizen of New Jersey. Defendant Springfield Auto Group is a New Jersey-based limited liability company, and its counsel represented, on-the-record, that all of the members are New Jersey citizens. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (citizenship of limited liability company is determined by that of its individual members). Therefore, New Jersey citizens are present on both sides of the dispute and complete diversity is lacking, which precludes diversity jurisdiction. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (diversity jurisdiction requires that "no plaintiff can be a citizen of the same state as any of the defendants").

The Court understands that re-filing this case in state court may inconvenience Ms. Ransome and is sympathetic. However, subject matter jurisdiction can never be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and this Court is simply not authorized to proceed with the case.

Based on the above, there is no federal question or diversity jurisdiction and it is respectfully recommended that the case be dismissed, without prejudice, to it being re-filed in New Jersey Superior Court.[1]

---

[1] In light of the lack of federal jurisdiction, State Farm's motion to dismiss for failure to provide discovery [ECF No. 14] is **denied without prejudice**.

Any objection to this Report & Recommendation must be filed 14 days from service of this Order. *See* L. Civ. R. 72.1(c)(2).

**s/Mark Falk**
**MARK FALK**
**United States Magistrate Judge**

cc: Honorable Claire C. Cecchi, U.S.D.J.